UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN THOMAS ENTLER and RALPH F. LEONARD,

Plaintiffs,

v.

ROB McKENNA,

Defendant.

NO. C11-5081 RBL/KLS

REPORT AND RECOMMENDATION
**Noted For: August 12, 2011**

Before the Court is Defendant's motion to dismiss. ECF No. 14. Plaintiff John Thomas Entler filed a response. ECF No. 15. Plaintiff Ralph F. Leonard joined in that response. ECF No. 16. Defendant filed a reply. ECF No. 17. Having carefully reviewed the Plaintiff's complaint, the parties' pleadings, and balance of the record, the undersigned recommends that the Defendant's motion to dismiss should be granted.

## **PLAINTIFFS' CLAIMS**

Plaintiffs are inmates in the custody of the Washington Department of Corrections (DOC). Plaintiffs filed a "Civil Rights Complaint By Prisoner Under 42 USC § 1983 & Complaint for Criminal Profiteering Activity RCW 9A.82.100(1)(a)". ECF No. 11. Plaintiffs challenge as unlawful Attorney General McKenna's legislative efforts in proposing House Bill 1034 (HB 1034) to curb inmate abuse of Washington's Public Records Act (PRA), Wash. Rev. Code Ann. ch. 42.56 (West 2004) (RCW). HB 1034 proposed, in relevant part, as follows:

REPORT AND RECOMMENDATION - 1

> (5) A court shall not award penalties under subsection (4) of this section in any action where the request for public records was made by or on behalf of a person serving a criminal sentence in a state, local, or privately operated correctional facility.

*See* http://apps.leg.wa.gov/documents/billdocs/2011-12/Pdf/Bills/House%20Bills/1034.pdf

On April 15, 2011, the Washington Legislature passed Substitute Senate Bill 5025 (SSB 5025), a companion bill to HB 1034, providing in relevant part:

> (1) A court shall not award penalties under RCW 42.56.550(4) to a person who was serving a criminal sentence in a state, local, or privately operated correctional facility on the date the request for public records was made, unless the court finds that the agency acted in bad faith in denying the person the opportunity to inspect or copy a public record.

*See* http://apps.leg.wa.gov/documents/billdocs/2011-12/Pdf/Bills/Senate%20Passed%20Legislature /5025-S.PL.pdf

Plaintiffs allege that they have successfully litigated numerous PRA claims against the DOC where the DOC was found to have violated the PRA. ECF No. 11, p. 6. Plaintiffs allege the Attorney General violated their First Amendment rights and engaged in "criminal profiteering" in violation of state law by proposing HB 1034. ECF No. 11, p. 12, ¶¶ 4.60 – 4.61. They seek declaratory relief and punitive damages. *Id.*, p. 13, ¶ 4.62.

According to Plaintiffs, the Attorney General falsely stated to the public and the Legislature that inmates were abusing the PRA by seeking and being awarded penalties; that the inmate penalty prohibition of HB 1034 would not apply to the general public; that eliminating penalty awards for inmates was necessary to address inmate abuse of the PRA; and that inmates would still be able to receive public records despite the penalty prohibition. *Id.*, pp. 6-7, ¶¶ 4.27 – 4.35. Plaintiffs further allege that the Attorney General requested HB 1034

REPORT AND RECOMMENDATION - 2

to deter inmates from holding state officials accountable; that the bill is a "sham;" and that the state refuses to use available means to control inmate abuse of the PRA so as to create the abusive conditions HB 1034 seeks to address. *Id.*, p. 9, ¶¶ 4.36, 4.42 – 4.46.  One such condition, as admitted by Plaintiffs, is that 75% of all public records litigation against the state is brought by inmates. *Id.*, p. 9, ¶ 4.43.

With regard to their state law claim, Plaintiffs allege that Defendant violated Washington's Criminal Profiteering Act, RCW 9A.82.  They claim the Attorney General did this by "inciting" others (various Attorney General's Office staff) to propose "sham" legislation, including HB 1034; by committing extortion as defined under RCW § 9A.04.110(27); by making threats to take wrongful action against another person, including threats to publicize a fact that tends to subject a person to hatred, contempt, or ridicule, as defined under RCW § 9A.04.110(27)(e); and by committing official misconduct under RCW § 9A.80.010. *Id.*, pp. 9-11, ¶¶ 4.47 – 4.59.  The official misconduct Plaintiffs allege is "Unlawful First Amendment Retaliation against Plaintiffs for exercising his (sic) First Amendment rights to Petition for Redress of Grievances under the Public Records Act." *Id.*, p. 12, ¶ 4.62.

**STANDARD OF REVIEW**

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001).  All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*,

REPORT AND RECOMMENDATION - 3

395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).   The court has an obligation, particularly in civil rights actions, to construe pro se pleadings liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); see also *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

In order to survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  "[N]aked  assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice.  *Id.*, quoting *Twombly*, 550 U.S. at 557.  Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, quoting *Twombly*, 550 U.S. at 570.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). *See also, Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004),

citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)). Implicit in the second element is a third element of causation. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 286-87 (1977).

**A.      First Amendment Retaliation Claim**

Plaintiffs concede that there is no general constitutional right of access to government information. *See, Houchins v. KQED*, 438 U.S. 1, 15, 98 S. Ct. 2588 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."). They also concede that there is no constitutional right to discovery of information required to litigate. *See, Lewis v. Casey*, 518 U.S. 343, 354, 116 S. Ct. 2174 (1996) (access to the court requires the ability to bring grievances to court, not to discover grievances or litigate effectively once in court).

It is also undisputed that the Washington Legislature has not eliminated inmates' access to public records under the PRA, nor did the Attorney General propose doing so in HB 1034.

REPORT AND RECOMMENDATION - 5

*See* http://apps.leg.wa.gov/documents/billdocs/2011-12/Pdf/Bills/House%20Bills/1034.pdf

In fact, Washington's PRA is a legislatively created right of access to public records. To the extent the Legislature intended incarcerated felons to have access to public records under the PRA, the Legislature is free to restrict or even eliminate such access without offending any constitutional protection. *See id.*; *see also Giarratano v. Johnson*, 521 F.3d 298, 305-06 (4th Cir. 2008) (exclusion of inmates from Virginia's Freedom of Information Act does not offend the First Amendment or Due Process Clause of the Fourteenth Amendment); *Proctor v. White Lake Township Police Dept.*, 248 Mich.App. 457, 639 N.W.2d 332 (2001) (rejecting due process and equal protection challenges to exclusion of inmates from Michigan's FOIA).

However, Plaintiffs allege that the Attorney General retaliated against them by proposing HB 1034 because they had previously exercised their First Amendment rights to litigate under the PRA. ECF No. 11, p. 12, ¶ 4.60. Thus, while Plaintiffs concede that they have no constitutional right to government information or government assistance by the State to prepare and file a PRA lawsuit, they allege that they have a protected First Amendment right not to be retaliated against for petitioning the government for redress of grievances. ECF No. 15, pp. 5-6. In summary, Plaintiffs contend that Defendant McKenna took the adverse action of proposing HB 1034 with the express intent of deterring Plaintiffs' future litigation activities under the PRA because Plaintiffs had successfully litigated such suits in the past. *See, e.g.,* ECF No. 15, p. 2. According to Plaintiffs, Defendant McKenna's proposal was under the "guise of prisoner abuse," but was really meant to curb Plaintiff's litigation activities because it

REPORT AND RECOMMENDATION - 6

removed their ability to recover penalty awards. Plaintiffs "fear" that if they pursue future litigation under the PRA, Defendant McKenna will seek to deter them. *Id.*

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. *See Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir.1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir.2000), *see also Rhodes v. Robinson*, 408 F.3d 559, 569 (9th Cir.2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. *See Rhodes*, 408 F.3d at 568.

It is undisputed that Plaintiffs have a clearly established right to be free of retaliation for exercising their First Amendment rights to file lawsuits or grievances. See *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989); *Carepartners LLC v. Lashway*, 545 F.3d 867, 877 (9th Cir. 2008). Plaintiffs do not allege the specifics as to their alleged

REPORT AND RECOMMENDATION - 7

previous litigation activities relating to the PRA. However, for purposes of this motion to dismiss only, the Court will assume that they previously engaged in such constitutionally protected activities. However, in order to prevail on a retaliation claim, Plaintiffs must show that the protected conduct was a substantial or motivating factor in the defendant's conduct. *Carepartners*, 545 F.3d at 877. Only after this initial showing does the burden shift to the Defendants to establish that they would have reached the same decision even in the absence of the protected conduct. *Id*.

Retaliation is not proven by simply showing that a defendant prison official took adverse action after he knew that the plaintiff prisoner had engaged in constitutionally protected activity. The overall circumstances of the alleged retaliation must be considered and not simply the order of events. Thus, although timing can be considered as circumstantial evidence of retaliatory event, timing alone cannot establish retaliation. *See Pratt v. Rowland*, 65 F.3d at 808.

Here, Plaintiffs allege no causal link between their previous PRA litigation activities and the Attorney General's desire to deter inmate abuse of the PRA. Indeed, it is undisputed that Plaintiffs have not been prohibited in any way from pursuing future litigation or even from obtaining penalty awards if an agency denies them access to public records in bad faith. As noted by Defendant, the protections afforded by the First Amendment's Petition Clause are limited to situations in which the petition itself implicates another First Amendment right. *WMX Technologies, Inc. v. Miller,* 197 F.3d 367, 373 (9th Cir. 1999) (citing *McDonald v. Smith,* 472 U.S. 479, 482-85 (1985) (the right to petition is "cut from the same cloth" as other

REPORT AND RECOMMENDATION - 8

expressive rights embodied in the First Amendment; a Petition Clause claim must otherwise implicate a First Amendment right)). While Plaintiffs have a First Amendment right to pursue litigation free from retaliation, they have no First Amendment right to request public records under the PRA and correspondingly, no constitutional right to litigate penalty claims pursuant to the enforcement provisions of the PRA.

Neither HB 1034 nor the enacted companion bill SB 5025, sought to limit inmates from criticizing the DOC or other public agencies for not complying with the PRA. The bills did not seek to prohibit Plaintiffs from seeking redress for grievances. HB 1304 merely proposed prohibiting inmates from receiving penalty awards when they prevail in an action seeking production of records under the Act. ECF No. 11, ¶ 4.27.

Accordingly, the undersigned finds that Plaintiffs have failed to state a claim of retaliation. It is recommended that the claim be dismissed as no amendment will cure this defect.

**B.** **State Law Criminal Profiteering Act Claim**

In their second claim, plaintiffs seek a civil penalty under Washington's Criminal Profiteering Act (WCPA), RCW 9A.82. ECF No. 4, ¶ 4.62. District courts may decline supplemental jurisdiction over state law claims in four situations: (1) if the state claims raise novel or complex issues of state law; (2) if the state claims substantially predominate over the claim over which the court has original jurisdiction; (3) if the district court has dismissed all claims over which it has original jurisdiction; or (4) if, in exceptional circumstances, there are compelling reasons to justify declining jurisdiction. 28 U.S.C. § 1367(c).

As discussed above, Plaintiffs fail to state a viable claim of retaliation based on the Attorney General's legislative efforts relating to the PRA. Thus, the Court may decline jurisdiction over the WCPA claim. *See, United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claim should be dismissed as well.") *Id.* at 726, 86 S. Ct. at 1139 (footnote omitted). *See also, Arizona v. Cook Paint & Varnish Co.*, 541 F.2d 226, 227-28 (9th Cir. 1976) (per curiam), *cert. denied*, 430 U.S. 915, 97 S.Ct. 1327, 51 L.Ed.2d 593 (1977) (reading *Gibbs* and *Wham-O-Mfg. v. Paradise Mfg. Co.*, 327 F.2d 748, 752-54 (9th Cir. 1964) as only requiring district courts not to reach out to decide state law questions that need not be decided). As noted by Defendant, Plaintiffs contention that the Attorney General engaged in criminal profiteering, extortion, and other crimes by requesting legislation raises novel issues of state law more appropriately left to the state courts. 28 U.S.C. § 1367(c)(1).

Pendent state law claims should be dismissed without prejudice. *See Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n,* 884 F.2d 504, 509 (9th Cir. 1989) (citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 108 (1988)).

Accordingly, the undersigned recommends that Plaintiffs' pendent state law claim of violation of the WCPA be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss (ECF No. 14) should be **Granted** and Plaintiffs' federal claims against Defendant be **dismissed with prejudice,**

REPORT AND RECOMMENDATION - 10

without leave to amend; and that their state claim against Defendant be **dismissed without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 12, 2011**, as noted in the caption.

**DATED** this  19th  day of July, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11